# JOHN C. CHOATE

*v.*

# MARK HATHAWAY.

PRACTICE—*presumption in favor of judgment when no bill of exceptions appears in the record.* Where there is no bill of exceptions showing what evidence was heard before the court below, or that any exception was taken to the rulings of the court, the presumption is that the court had facts before it which authorized and justified the judgment rendered.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. T. D. MURPHY, Judge, presiding.

Mr. FRANK CROSBY, for the plaintiff in error.

Mr. JAMES H. SLAVIN, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is a writ of error, brought to reverse a judgment of the circuit court of McHenry county, rendered at the March term, 1873.

It appears, from the transcript of the proceedings before us, that on the 2d day of November, A. D. 1872, John C. Choate, administrator of the estate of Hiram Hathaway, deceased, filed a petition in the county court of McHenry county, for leave to sell certain real estate to pay the debts of the deceased. Mark Hathaway, one of the defendants to the petition, filed his answer, under oath, to which exceptions were filed and overruled, and the prayer of the petitioner was denied. John C. Choate, the administrator, then prosecuted an appeal to the circuit court, which was dismissed at the March term, 1873.

Two errors are assigned:

*First*—The circuit court erred in ordering the appeal dismissed.

*Second*—In not sustaining the exceptions to the answer.

The plaintiff in error is in no position to insist upon the errors assigned. The record does not show that any exception

was taken to the decision of the court in dismissing the appeal, nor is there any bill of exceptions in the record, showing the ground upon which the court predicated its judgment.

Under these circumstances, we must presume the court had facts before it which fully authorized and justified the judgment. If the judgment was unauthorized, the plaintiff in error should have taken a bill of exceptions, showing the facts upon which the judgment was predicated.

In the absence of proof, the presumption must prevail that the decision was warranted by the facts before the court. *The People* v. *Green*, 54 Ill. 280.

No substantial error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*